```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THOMAS DIXON,

                        Plaintiff,
                                              MEMORANDUM & ORDER
            -against-                         15-CV-4419(JS)(AKT)

EAST ELMHURST HOSPITAL, Mental
Ward, and UNKNOWN DOCTOR,
Prescribed Me Ritilin [sic] and
Another Medication that Stunt
My Growth Puberty 1980 Year,

                        Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Thomas Dixon, pro se
                    13-A-3136
                    Upstate Correctional Facility
                    P.O. Box 2000
                    Malone, NY 12953

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On July 22, 2015, incarcerated pro se plaintiff Thomas Dixon ("Plaintiff") filed an in forma pauperis Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against East Elmhurst Hospital ("Hospital"), and an "Unknown Doctor, Prescribed Me Ritilin [sic] and Another Medication that Stunt My Growth Puberty 1980 Year ("John Doe Dr." and together, "Defendants"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment

of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

BACKGROUND[1]

Plaintiff's sparse handwritten Complaint, submitted on the Court's Section 1983 complaint form, alleges the following in its entirety:

> Back in 1980 after my birthday I was very angry that my mother June A. Dixon was separating from my father Thomas Dixon Jr so to make matter worst I burn up my cat and sure enough scared my mother and her friend Edward Underlip, later step father. I was sent to Elmhurst Hospital Mental Ward [in] 1980 as I was prescribed Ritilin and another medication which was taken off the market because it was effecting children growth, that why I am almost 47 years of age with no children. I want to sue the Doctor for $20 million. And I am suing Elmhurst Hospital mental ward for hiring a doctor who ruined my life for another $20 million. The medication made me feel very slow to talk properly and it effected my growth-n-develop.[2]

(Compl. ¶¶ IV, IV.A.) In the section of the form Complaint that calls

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

[2] Plaintiff's allegations have been reproduced here exactly as they appear in the Complaint. Errors in spelling, punctuation, and grammar have not been corrected or noted.

for the relief sought, Plaintiff wrote "[f]or an out of court settlement if possible I will take $10 million period." (Compl. ¶ V.)

DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell

3

Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged

4

conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). The applicable statute of limitations for a Section 1983 action is governed by "the law of the state in which the cause of action arose." Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007). In New York, the general statute of limitations for personal injury claims is three years. See N.Y. C.P.L.R. § 214(5). In addition, Section 1983 does not allow for liability based on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008).

As is readily apparent, Plaintiff has not alleged a plausible Section 1983 claim against either Defendant. Apart from the fact that Plaintiff complains of conduct alleged to have occurred in 1980, well-outside the statute of limitations, he has not alleged a deprivation of some Constitutional right. Nor has he alleged a plausible claim against the Hospital since the theory of his claim against it is solely based on respondeat superior. Accordingly, because the Complaint fails to allege a plausible claim for relief, it is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)

5

(2)(B)(ii), 1915A(b)(1).

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defect in Plaintiff's claims is substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November  5 , 2015
       Central Islip, New York